```
 1                   UNITED STATES DISTRICT COURT

 2                       DISTRICT OF NEW JERSEY

 3   PPG INDUSTRIES, INC.,       .
                                 .
 4        Plaintiffs,            .
                                 .   Case No. 2:12-CV-3526
 5                               .
     vs.                         .
 6                               .   Newark, New Jersey
     UNITED STATES OF AMERICA, .     April 21, 2014
 7                               .
          Defendant.             .
 8

 9                     TRANSCRIPT OF TELECONFERENCE
                   BY THE HONORABLE MICHAEL A. HAMMER
10                    UNITED STATES MAGISTRATE JUDGE

11
     APPEARANCES:
12
     For the Plaintiff:          JOSEPH F. LAGROTTERIA, ESQ.
13                               LeClairRyan
                                 One River Front Plaza
14                               1037 Raymond Boulevard, 16th Floor
                                 Newark, NJ 07102
15                               (973) 491-3516
                                 Email:
16                               joseph.lagrotteria@leclairryan.com

17                               DOROTHY LAGUZZA, ESQ.
                                 LeClairRyan
18                               One River Front Plaza
                                 1037 Raymond Boulevard, 16th Floor
19                               Newark, NJ 07102
                                 (973) 491-3383
20                               Email:
                                 dorothy.laguzza@leclairryan.com
21

22

23   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.
24

25
```

```
 1                              GREGORY S. THOMAS, ESQ.
                                LeClairRyan
 2                              One River Front Plaza
                                1037 Raymond Boulevard, 16th Floor
 3                              Newark, NJ 07102
                                (973) 491-3320
 4                              Email: gregory.thomas@leclairryan.com

 5   For the Defendant:         LEWIS MARSHAL BARR, ESQ.
     United Sates of America    U.S. Department of Justice
 6                              Environment and Natural Resources
                                Division
 7                              P.O. Box 7611
                                Washington, DC 20044
 8                              (202) 514-9645
                                Email: Lewis.barr@usdoj.gov
 9
                                LISA MEGHAN BELL, ESQ.
10                              U.S. Department of Justice
                                Environment and Natural Resources
11                              Division
                                P.O. Box 7611
12                              Washington, DC 20044
                                (202) 514-9645
13                              Email: Lisa.bell@usdoj.gov

14   Audio Operator:            Unknown

15
     Transcription Service:     KING TRANSCRIPTION SERVICES
16                              901 Route 3 South, Center Suite 3
                                Pompton Plains, NJ 07444
17

18

19

20

21

22

23

24

25
```

1          (Commencement of Proceedings at 9:36:30 a.m.)
2          MR. LAGROTTERIA:  -- and Dorothy Laguzza and Greg
3  Thomas of my firm.
4          MR. BARR:  Yes, Your Honor.  It's Lou Barr and Lisa
5  Bell here at the Justice Department for the United States.
6          THE COURT:  All right.  And again, this is PPG
7  Industries versus U.S.A., civil number 12-3526.  Now we have
8  entered the amended scheduling order as well as the order April
9  16th that addressed a number of discovery issues.  So is there
10 anything else we need to discuss today before we reconvene in
11 June?
12         MR. LAGROTTERIA:  Your Honor, this is Joe
13 Lagrotteria.  We were, we met and conferred and we're to report
14 back to you on two issues.  And I'm pleased to advise you we've
15 worked out a schedule for resolving that issue.  But I just
16 wanted to tell you what it is if you don't mind.
17         THE COURT:  Okay.
18         MR. LAGROTTERIA:  There is a 30(b)(6) notice we
19 received from the United States for what I'll characterize as
20 the PPG time frame.  And we're responding to that by May 15th
21 and Mr. Barr has agreed to that.
22         The other issue that -- is the issue of
23 interrogatories number 21 and 25.  And we agreed, everyone
24 agreed that PPG will augment those answers we've supplied
25 previously at the time that we respond to the ten

Proceedings 4

1 interrogatories that Your Honor has ordered.
2         THE COURT: All right.
3         MR. BARR: Your Honor, one thing is that may have
4 been, I may not have heard this properly. But it was our May
5 2013 interrogatories numbers 21 through 25.
6         MR. LAGROTTERIA: I thought that's what I said. But
7 that's what it is.
8         MR. BARR: I thought it was 21 and 25.
9         MR. LAGROTTERIA: No. No. Twenty-one, twenty-two,
10 twenty-three, twenty-four, and twenty-five. So we're clear.
11         MR. BARR: And, yeah, MR. Lagrotteria is correct PPG
12 has agreed to try I guess what would amount to a third time to
13 provide responsive answers.
14         There are couple of things that I wanted to mention
15 in addition. The contention interrogatories issue, I want to
16 revisit that briefly. We have reviewed and studied the first
17 amended complaint, and the request for admissions, and the
18 prior proposed set of contention interrogatories.
19         And while it hasn't been in any way easy, we've
20 worked at numbered down. And what we'd like to do is ask the
21 Court to increase from ten to twelve the maximum number
22 allowed.
23         THE COURT: Is there any opposition to that, Mr.
24 Lagrotteria?
25         MR. LAGROTTERIA: Well, Your Honor, Your Honor has

```
                        Proceedings                               5
```

1  already ruled on this.  And I don't know whether is this is
2  going to be a pattern in this case where we're trying to get --
3  all the time on rulings.
4          But in answer to your question, Judge.  Look, I'm not
5  going to be a jerk about it to be honest with you.  Of course
6  we can have the 12 interrogatories.  But I don't want to see,
7  you know, subparts.  Twelve questions.  Twelve questions.
8          THE COURT:  No.  I completely agree.
9          MR. LAGROTTERIA:  Not twelve questions with 112
10 subparts.
11         THE COURT:  All right.  More than fair.  Mr. Barr, I
12 think Mr. Lagrotteria's response is in fact more than fair and
13 reasonable.  So you can have the 12 instead of the ten.  But to
14 be clear, absolutely no subparts.  I've never allowed them as a
15 Magistrate Judge, and I certainly don't intend to now.
16         MR. BARR:  We don't contemplate subparts.
17         THE COURT:  Okay.  So what's -- any other issues?
18         MR. BARR:  Yes, Your Honor.  For many months now
19 we've been speaking with PPG regarding their providing a
20 privileged log for their electronically stored information.
21 This goes back to last Fall.  And on January 31st this year
22 they provided a 486 page privileged log containing entries for
23 some 10,081 documents.
24         We have reviewed that.  We sent PPG a detailed letter
25 on March 27th explaining why that log fails to comply not only

1  with our instructions concerning the information for such a
2  log, but the identical instructions that PPG copied from our
3  request.
4       We have an initial meet and confer call scheduled for
5  next Monday, April 28th.  And if the past is any indication in
6  this case that process is going to take some time.  And we're
7  going to our darndest to avoid asking Your Honor for help.  But
8  we just wanted to flag that issue and put it on the record now
9  because this has been going on for a very long time.
10      MR. LAGROTTERIA:  Your Honor, it hasn't.  But, you
11 know what, this is typical in this case.  We had a meet and
12 confer on Monday on this, Judge.
13      THE COURT:  I'm not doing anything today.  Let the
14 parties meet and confer.  I'll tell you this though.  Two
15 things to keep in mind insofar as it may assist you in the meet
16 and confer.
17      Number one, it sounds to me that if there's -- I will
18 tell you now.  If there's going to be a very substantial amount
19 of privileged or work product challenges then there are two
20 options that we're going to consider.
21      One would be whether the parties would agree under
22 Federal Rule of Evidence 502(d) to an order that would allow
23 the sharing of that information for the limited purpose of
24 determining whether there are privilege issues that are
25 actually worth fighting about.  And without waiving that

```
                         Proceedings                         7
```

1  privilege in this or in any other litigation.  That's under
2  Federal Rule of Evidence 502(d).
3          It's been the Court's experience that it's an
4  extremely helpful tool to either eliminate the privilege
5  dispute or at least severely narrow it down.  Because obviously
6  one of the disadvantages that the party requesting production
7  faces is it doesn't know exactly what the substance of the
8  documents is.  And so it doesn't necessarily have the clearest
9  idea what to fight about or not.
10         It's been my experience and a lot of times where
11 parties agree to 502(d) the other side gets to see the
12 documents, again, without waiver of any privilege in this or in
13 any other litigation, and say, well I don't really care about
14 these other 10,000 documents.  I really only care about this
15 handful of documents.  And it saved the parties an
16 extraordinary amount of time and effort.
17         Particularly whereas here the parties are not in a
18 competitive relationship.  In other words, this isn't a matter
19 of two competing companies in a particular industry suing each
20 other over a patent or trade secret information such that there
21 area corollary concerns about disclosure of the information.
22         So take a look at that and see if that assists you.
23 The other thing I will tell you now, before I sit down and
24 review, you know, thousands of privilege assertions that are
25 being contested each of which requires it's own findings of

Proceedings 8

1 fact and conclusions of law and each of which is separately
2 appealable to the district judge, I am sure going to consider
3 the appointment of a special master to deal with this. Because
4 dealing with a privileged issue of that scope would literally
5 shut me down for weeks in a row to get through that.
6     As you both know I have more, somewhere around 400
7 other cases that are, that need attention. So that would be an
8 alternative consideration. But I'm certainly not going to
9 consider it today.
10     MR. LAGROTTERIA: -- all those considerations, Your
11 Honor.
12     THE COURT: Yes.
13     MR. BARR: And we appreciate the guidance. The last
14 minor item is I had a call from a lawyer for one of the
15 insurers who submitted a response to Your Honor on the motion
16 to compel. And she indicated, this was Mr. Karis, his
17 associated, Melissa Blakenship, indicated to me that there was
18 one small mistake on our exhibit two. And that was she
19 indicated it should not include Navigators as one of those
20 insurers. So I just wanted to pass that along. If the Court
21 would like us to submit a corrected exhibit two we can do that.
22     THE COURT: Yeah, I think that would be useful just
23 so that the record is clear, Mr. Barr. But no rush.
24     MR. BARR: Okay.
25     THE COURT: All right.

Proceedings 9

1      MR. BARR:  Thank you, Your Honor.  We will do that.
2      THE COURT:  All right.  Anything else for the
3 government at this time?
4      MR. BARR:  No, Your Honor.  Thank you very much for
5 your time.
6      THE COURT:  Thank you.  And how about for PPG, Mr.
7 Lagrotteria?
8      MR. LAGROTTERIA:  No, Your Honor.  Thank you for your
9 help and your time.  We appreciate it.
10     THE COURT:  All right, counsel.  Thank you very much.
11 We already have our next conference scheduled.  Right?  It's in
12 June?
13     MR. LAGROTTERIA:  In June, Your Honor.
14     THE COURT: Terrific.  All right folks.  Thank you
15 very much.
16     MR. LAGROTTERIA:  Bye.
17     THE COURT:  Bye.
18     MR. BARR:  Thank you, Your Honor.
19     (Conclusion of Proceedings at 9:59:18 a.m.)

Proceedings                                                              10

1                              CERTIFICATION
2           I, JANICE T. WARNER, Transcriptionist, do hereby
3  certify that the nine pages contained herein constitute a full,
4  true, and accurate transcript from the official electronic
5  recording of the proceedings had in the above-entitled
6  matter; that research was performed on the spelling of proper
7  names and utilizing the information provided, but that in
8  many cases the spellings were educated guesses; that the
9  transcript was prepared by me or under my direction and was
10 done to the best of my skill and ability.
11          I further certify that I am in no way related to any
12 of the parties hereto nor am I in any way interested in the
13 outcome hereof.
14
15
16 S/ *Janice T. Warner*                    June 29, 2014
17 Signature of Approved Transcriber        Date
18
   Janice T. Warner, (AAERT #00315)
19 King Transcription Services
   901 Route 23 South, Center Suite 3
20 Pompton Plains, NJ 07444
   (973) 237-6080
21
22
23
24
25