```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

PPG INDUSTRIES, INC.,               .
                                    .
        Plaintiff,                  .
                                    .  Case No. 12-cv-03526
vs.                                 .
                                    .  Newark, New Jersey
UNITED STATES OF AMERICA, et        .  January 29, 2016
al.,                                .
                                    .
        Defendants.                 .
```

### TRANSCRIPT OF RECORDED OPINION
### BY THE HONORABLE MICHAEL A. HAMMER
### UNITED STATES MAGISTRATE JUDGE

This oral opinion has been reviewed and revised in accordance with L. Civ. R. 52.1

APPEARANCES:

For the Plaintiff:      No one was present

For the Defendants:     No one was present

Audio Operator:

Transcription Service:     KING TRANSCRIPTION SERVICES
                           3 South Corporate Drive, Suite 203
                           Riverdale, NJ   07457
                           (973) 237-6080

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

```
 1                   (Commencement of proceedings)

 2

 3           THE COURT:  Presently before the Court is the

 4   matter of PPG Industries, Inc., versus U.S., Civil

 5   No. 12-3526.  This matter is before the Court on the motion

 6   of the United States to modify the Court's April 16, 2014,

 7   order, Docket Entry 71, to require PPG to prepare and produce

 8   a Rule 30(b)(6) witness to testify regarding its allegations

 9   in the first amended complaint concerning the 1909 through

10   mid-1954 period in response to the defendant's February 19,

11   2014, Rule 30(b)(6) notice, Docket Entry 122.

12           For the reasons that I will articulate in this oral

13   opinion, the Court will deny the defendant's motion.

14           Briefly, by way of background, PPG Industries filed

15   this action for cost recovery and contribution under the

16   Comprehensive Environmental Response Compensation and

17   Liability Act of 1980, also known as CERCLA, 42 U.S.C. § 9601

18   through 75.  See Amended Complaint, October 31, 2012, Docket

19   Entry 16, paragraph 1.  Plaintiff alleges that defendants,

20   collectively the United States government, exercised

21   substantial control during World War I and World War II of

22   the Nature Products Refinery Corporation, also known as NPR

23   facility, located in Jersey City, New Jersey.  Id. Paragraph

24   3.  Plaintiff alleges that NPR owned and/or operated the site

25   whose cleanup costs are the subject of this suit, until
```

August 1954, at which time PPG acquired the sites from NPR and utilized them through September 1963. *Id.* Paragraphs 16 through 17. PPG seeks by this action to recover from the government necessary costs it has incurred and continues to incur due to the release or threatened release of hazardous substances at the sites.

The government seeks discovery from a corporate designee of PPG, under Fed. R. Civ. P. 30(b)(6), regarding the facts underlying the allegations in the amended complaint regarding the pre-1954 time period during which NPR, not PPG, owned and operated the sites. Parenthetically, there is no allegation that PPG somehow was a corporate successor of NPR.

On February 21, 2014, this Court held an in-person status conference in this case. The parties discussed, among other things, the scope of the Rule 30(b)(6) notice served on plaintiff by defendant. See Transcript of Hearing, February 21, 2014, Docket Entry 53 at pages 29 through 35.

The issue in that conference was whether PPG should have to prepare and produce a Rule 30(b)(6) designee to answer questions regarding PPG's allegations for the activity at the sites before 1955. The government argued that if PPG was going to make allegations against the government during the period of 1909 to 1954, the plaintiff should be expected to produce a Rule 30(b)(6) designee "to testify as to corporate knowledge reasonably available to it." *Id.* at

```
 1  pages 30 to 31.  Plaintiff argued that it should not be
 2  required to provide a corporate designee to testify as to the
 3  pre-1955 allegations because PPG had no involvement in the
 4  facility before 1954.
 5            To resolve the issue, the Court decided to allow
 6  PPG a limited amount of contention interrogatories designed
 7  to elicit the information that the government sought about
 8  PPG's allegations as to the pre-1954 time period.  Therefore,
 9  the Court ruled that at that time, the Court would not
10  require PPG to designate a corporate designee, under
11  Rule 30(b)(6), and instead allowed the government 12
12  contention interrogatories.  See Amended Order, April 21,
13  2014, Docket Entry 76.
14            The government now argues that PPG's responses to
15  those interrogatories were deficient and that in any event,
16  the interrogatories fail to serve as an adequate substitute
17  for a Rule 30(b)(6) deposition.
18            This issue came to the fore specifically during a
19  particular deposition of a PPG corporate representative in
20  April 2015, when the government inquired during the
21  depositions about post-1954 issues that "unavoidably refer to
22  events that occurred prior to mid-1954."  See Defendant's
23  Brief in Support of Motion to Modify, Docket Entry 122-3 at
24  page 4.  PPG's counsel instructed the witness not to answer,
25  claiming that questions regarding the period before 1954
```

1   violated the Court's April 16, 2014, Order.  See April 14,
2   2015 Rule 30(b)(6) Deposition Transcript, Exhibit 7 to
3   Defendant's Motion to Modify, Docket Entry 122-10 at pages 87
4   to 88.
5           The government argues that the Court should now
6   require PPG to designate a Rule 30(b)(6) representative to
7   testify about PPG's allegations concerning the pre-1954
8   period for the following reasons.  One, the government argues
9   that the information is necessary for the United States to
10  fully explore the facts of the case.  Two, that PPG should
11  reasonably be expected to know the facts underlying its own
12  claims.  Three, the contention interrogatories that the Court
13  allowed are an inadequate substitute for the Rule 30(b)(6)
14  testimony in this case because of PPG's inadequate answers to
15  those contention interrogatories, which the government
16  alleges amount to little more than simply restating the vague
17  allegations in the first amended complaint.  Four, the
18  testimony is necessary to allow the government to investigate
19  PPG's denial of successor liability for NPR's operations and
20  PPG's continuation of those operations.  Five, although PPG
21  may offer expert testimony later, the government is entitled
22  to explore any facts that underlie the expert's opinions.
23  And finally, the government's application for modification is
24  timely.
25          PPG opposes the motion for several reasons.  One,

it argues that the government's motion at bottom is a belated motion for reconsideration; that there are no new facts or law to warrant modification; and that essentially the government is far too late in seeking what amounts to reconsideration.

At the outset, the Court rejects that argument. The Court's original order and its reasoning made clear that it would not allow defendant at that time to require a 30(b)(6) designee to testify. The Court does not agree with PPG that in so ruling, the Court necessarily foreclosed the government from, upon receipt of the answers to its contention interrogatories, being able to raise this issue later. Therefore, the Court will not deny the government's application based on timeliness or failure to meet the requirements of a motion for reconsideration.

PPG also argues that the government's assertion that its responses to the government's interrogatories were deficient. In fact, PPG argues the bulk of the historical documents they have produced were from the government's own archives, not any material uniquely within the possession, custody, or control of PPG, but material that is equally accessible to both parties.

Second, PPG argues that the bulk of the government's contention interrogatories called for solely the identification of documents that supported PPG's claims

```
 1   regarding the pre-1954 activity.  PPG avers that not only did
 2   it specifically identify those documents by Bates stamp
 3   numbers, but it also provided a narrative to its answers and
 4   thereby actually gave information that exceeded the scope of
 5   the government's interrogatories.
 6          PPG also argues that it would be unfair and
 7   certainly outside the scope of Rule 30(b)(6) to expect PPG to
 8   somehow prepare a witness to testify about activities of
 9   which PPG was not a part nor has any superior information or
10   access to information.  Those materials, PPG continues, "are
11   in no way within PPG's corporate body of knowledge."
12   Plaintiff's Opposition Brief, October 26, 2015, Docket Entry
13   123 at 22.
14          Under Rule 30(b)(6) of the Federal Rules of Civil
15   Procedure, "a party may take a deposition of an individual
16   who is designated to testify on behalf of a company,
17   corporation, or government agency."
18          The use of a 30(b)(6) witness is meant to benefit
19   the discovery process by "more efficiently produce[ing] the
20   most appropriate party for questioning, curb[ing] the elusive
21   behavior of corporate agents, who one after another know
22   nothing about facts clearly available within the organization
23   and suggest that someone else has the requested knowledge,
24   and reduce[ing] the number of depositions for which an
25   organization's counsel must prepare agents and employees."
```

1  *Harris v. New Jersey*, 259 F.R.D. 89 at 92 (D.N.J. 2007).

2  A Rule 30(b)(6) deponent must be able to "testify
3  about information known or reasonably available to the
4  organization" called for by the deposition notice.  See
5  Fed. R. Civ. P. 30(b)(6).  That testimony is binding on the
6  organizational entity and goes beyond the deponent's personal
7  knowledge about the topics.  *Harris*, 259 F.R.D. at 92.  See
8  also *State Farm Mutual Auto Insurance Company v. New Horizon*,
9  250 F.R.D. 203 at 216 (E.D. Pa. 2008) ("a Rule 30(b)(6)
10 designee 'is not simply testifying about materials within his
11 or her personal knowledge, but, rather, is speaking for the
12 corporation about matters to which the corporation has
13 reasonable access.'") (quoting *In re Liner Board Antitrust*
14 *Litigation*, 237 F.R.D. 373 at 382 (E.D. Pa. 2006)).

15 In this case, upon consideration of the record and
16 the language and purpose of Rule 30(b)(6), the Court is
17 compelled to deny the government's application to require a
18 PPG representative to testify under Rule 30(b)(6).  The
19 linchpin of a Rule 30(b)(6) deposition is, as the *Harris*
20 court noted, to provide a witness to testify about facts that
21 are "clearly available within the organization."  See *Harris*,
22 259 F.R.D. at 92.  As the district court noted as well, in
23 *New Horizon*, the designee is expected to be able to testify
24 "about matters to which the corporation has reasonable
25 access."  *New Horizon*, 250 F.R.D. at 216.

         1              In this case, the Court struggles to understand how
         2   matters occurring at the sites before 1954 would be matters
         3   that PPG has any greater access to than the government.  As
         4   noted earlier, PPG was not operating at the site before 1954.
         5   There has certainly been nothing submitted to the Court to
         6   suggest that PPG was a corporate successor to NPR.  And
         7   indeed, the documents on which PPG appears to be chiefly
         8   relying were obtained not from PPG's own corporate files, but
         9   from the government archives.
        10              The Court can conclude only that to the extent PPG
        11   is expected to produce a witness to testify about those
        12   documents and the activities at the site pre 1954 with any
        13   greater elucidation than the information already available to
        14   the government from the documents and PPG's answers to the
        15   contention interrogatories, would be for PPG to essentially
        16   provide a witness to testify why PPG believes those documents
        17   support PPG's allegations.  In other words, that witness
        18   would be called upon to apply the documents and the alleged
        19   facts to the elements of CERCLA liability.  That amounts
        20   essentially to testimony regarding PPG's legal theories.
        21   That is certainly not the factual testimony contemplated by
        22   Fed. R. Civ. P. 30(b)(6).
        23              Beyond that, the Court cannot comprehend what it is
        24   that the PPG Rule 30(b)(6) designee could be reasonably
        25   expected to testify about.  In an effort to accommodate the

```
 1  government, the Court allowed the contention interrogatories
 2  that I described earlier.  Counsel for the defendant now
 3  complains that those interrogatories are insufficient largely
 4  because PPG did not adequately respond to them and instead
 5  provided vague, sweeping or evasive responses.
 6             Putting aside the fact that the Court concludes
 7  that PPG actually provided answers to the contention
 8  interrogatories that arguably exceeded the scope of those
 9  questions and did specifically identify the documents on
10  which PPG is relying, it bears noting that defense counsel
11  never came back to ask the Court for more interrogatories or
12  to argue that it needed the additional interrogatories in
13  order to more fully flesh out the bases for the contentions
14  in PPG's complaint.  So it is unclear to the Court how the
15  interrogatories failed, and equally unclear to the Court what
16  else the defendant would hope reasonably to get through the
17  Rule 30(b)(6) deposition that it could not or did not get
18  through the interrogatories.
19             And all of that assuming something that is far from
20  having been established to this Court, which is that PPG
21  stands in any better position than does the defendant or has
22  any superior access than defendant to information regarding
23  pre-1954 activities at the sites.  As I noted earlier, the
24  documents on which PPG is relying are equally available to
25  both parties.  The subject matter is something about which
```

1  PPG would appear to have no firsthand knowledge, having not
2  operated at the site before 1954.
3         For those reasons, the Court finds that requiring
4  PPG to designate a corporate representative under these
5  circumstances would not be a valid exercise of
6  Fed. R. Civ. P. 30(b)(6), and accordingly, the Court will
7  deny the defendant's motion.
8         That constitutes the opinion of the Court.  A
9  corresponding form of order will follow.
10              (Conclusion of proceedings)

| | |
|---|---|
| 1 | Certification |
| 2 | I, SARA L. KERN, Transcriptionist, do hereby certify |
| 3 | that the 12 pages contained herein constitute a full, true, |
| 4 | and accurate transcript from the official electronic |
| 5 | recording of the proceedings had in the above-entitled |
| 6 | matter; that research was performed on the spelling of proper |
| 7 | names and utilizing the information provided, but that in |
| 8 | many cases the spellings were educated guesses; that the |
| 9 | transcript was prepared by me or under my direction and was |
| 10 | done to the best of my skill and ability. |
| 11 | I further certify that I am in no way related to any of |
| 12 | the parties hereto nor am I in any way interested in the |
| 13 | outcome hereof. |
| 18 | s/ *Sara L. Kern*          2nd of February, 2016 |
| 19 | Signature of Approved Transcriber          Date |
| 22 | Sara L. Kern, CET**D-338<br>King Transcription Services<br>3 South Corporate Drive, Suite 203 |
| 23 | Riverdale, NJ  07457<br>(973) 237-6080 |