June 23, 2017

**VIA ECF**

Honorable Michael A. Hammer
United States Magistrate Judge
United States District Court for the District of New Jersey
M.L. King Fed. Bldg. & United States Courthouse
50 Walnut Street
P.O. Box 999
Newark, NJ  07101-0999

    Re:    **PPG Industries, Inc. v. United States, No. 2:12-cv-03526-JMV-MAH**

Dear Magistrate Judge Hammer:

    The parties submit this joint letter regarding their agreement that certain additional changes to the pretrial schedule are necessary and appropriate, and their request that the schedule for the remaining pretrial events be modified as described below.  This letter also describes the extent to which the parties disagree regarding dispositive and other motion proposals made by PPG.

    As the Court recalls, this case arises primarily under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA).  It pertains to a former chromium chemicals manufacturing plant in Jersey City that operated from roughly 1909 to 1964,[1] and to nearby sites, all contaminated with wastes from those manufacturing operations.

## Status of Discovery

    Pursuant to the Court's last pretrial scheduling order, the parties completed in July 2016, with one small exception,[2] fact discovery in this case.  Initial expert reports were exchanged on October 6, 2016 and rebuttal reports were exchanged on January 7, 2017.  The depositions of eight of the 11 experts designated by the parties have been completed. The current closing date for expert depositions is July 11, 2017.

    The parties have agreed, subject to the Court's approval, that the depositions of the three remaining Government experts should be completed after the July 11 deadline.

---

[1] The parties disagree as to the dates of operation of the chromium chemicals plant.

[2]  This exception pertained to Federal Records Center documents in the possession of the Department of Energy.  The Government believes that this issue will be resolved by the end of this month.  If the issue is not resolved by the end of this month, PPG may seek an additional extension of time. In addition, PPG recognizes its ongoing obligation to supplement its regulatory and financial documents as work continues at the sites at issue in this case.

**Reasons for the Requested Pretrial Schedule Changes**

Two sets of reasons have prompted this joint request. First, two of PPG's three attorneys in this matter were recently directed by the New Jersey Superior Court to consider three cases as ready for trial, subject to the call of the court, as of mid-June. PPG counsel were therefore required to devote all of their time to preparing for trial in those matters and were unable to prepare for depositions the parties had scheduled for June. On the originally scheduled trial date of June 12, 2017, the Court rescheduled one of the trials for July 24, 2017. The Court estimates that this trial will run through the end of August and will likely conclude the first week of September. Due to this new trial date, counsel for PPG believes there will likely be a need for videotaped trial depositions in advance of the July 24, 2017 date.

Second, one of the Government's attorneys on this matter has recently left the Department of Justice, and lead counsel for the Government will be retiring from Government service effective on July 31, 2017. Replacement Government counsel will need several months in order to familiarize themselves with the numerous complex issues and the massive discovery record in this case.

**The Parties' Respective Positions Regarding Pending Motion Practice**

a. **The Government's Statement**

The Government has advised counsel for PPG of the Government's intention to file motions for summary judgment. The current date for these motions is August 30, 2017. The Government's motions will be comprehensive and will address multiple complex issues, which are likely to include at least the following four sets of CERCLA issues: (1) the statute of limitations that bars almost all of PPG's claims; (2) "operator" liability and "arranger" liability within the meaning of the governing law; (3) PPG's "successor" liability under that law; and (4) PPG's failure to comply with the mandatory community involvement and public participation requirements of CERCLA for cleanup actions.

The Government would not file four separate motions, each subject to separate opening brief 40-page limits. Rather, the Government seeks permission to brief all of these issues on an efficient, consolidated basis, with a consolidated limit of 100 pages for opening and opposition briefs, and 50 pages for the Government's reply. However, unlike the Government, PPG has not described the issues to be covered in its motion for summary judgment in order to justify an enlargement of the page limit for PPG's motion. Unlike the Government, therefore, PPG has not shown that it actually needs the large number of additional pages it requests. In the absence of such an explanation by PPG, the United States cannot consent to an enlargement of the page limit set by the Local Rules with respect to such a PPG motion. Likewise, the United States is not aware of any justification for an enlargement of pages for motions *in limine* proposed by PPG.

The United States disagrees with PPG's further proposal, described below, that *before* the filing of summary judgment motions, the parties file an entirely separate round of motions *in limine* challenging the qualifications and opinions of various experts under Fed. R. Evid. 702 and

703. Summary judgment motions focus on the undisputed and indisputable facts. To the extent that the evidence needs any interpretative opinions by experts, they may provide it through affidavits that accompany the party's brief, and the opposing party may address those opinions in its opposition, or a separate motion to strike. In sum, there is no need for the substantial additional delay proposed by PPG, or for the likely substantial duplication of effort in the presentation of the facts. To the extent that claims or counterclaims survive summary judgment motions, pretrial motions *in limine* will be appropriate. For these reasons, the United States believes that a separate set of briefs on motions *in limine* before motions for summary judgment would cause needless and substantial delays, and that PPG's bald and speculative denial below is unpersuasive.

    b. **PPG's Statement**

PPG will file opposition to the Government's Motion for Summary Judgment. In addition, PPG intends on also filing a comprehensive Motion for Summary Judgment against the Government, arguing that there is no genuine dispute of material fact relative to the Government's liability under CERCLA and RCRA. PPG has met its burden under the applicable authority and will demonstrate that judgment should be entered in its favor.

It is PPG's position that motions to challenge the qualifications and opinions of the Governments' designated experts should proceed prior to the filing of summary judgment motions. In light of the vast record in this matter and the absence of live witnesses to discuss many of the historical facts at issue, expert witnesses have a significant role in interpreting the documentary evidence produced by the parties. Given that *Daubert* motion practice may significantly narrow the permissible scope of expert testimony and opinions, summary judgment should not be addressed until these expert issues are resolved. To proceed otherwise would represent a waste of judicial resources and avoid duplicative considerations of the same issues by the Court. Contrary to the Government's Statement above, PPG does not believe that proceeding in this manner would cause any additional substantial delay. If the Court agrees with PPG's proposal, the jointly agreed-upon dates below could be adjusted as the Court deems appropriate.

Finally, PPG does not oppose the Government's request that, in light of the nature and complexity of the factual and legal issues to be briefed by the Government, the page limits set by the Local Rules should be enlarged, and consolidated briefs filed. While PPG does not at this time anticipate the need for the vast page length extension requested by the Government for its briefing, PPG requests that it be entitled to an equivalent relaxation of the page limit if the Court grants the Government's request.

### The Parties' Jointly Requested Pretrial Schedule Changes

For these reasons, the parties have agreed that the remaining three expert witness depositions should be taken after PPG counsel's trial has concluded in September 2017.

For these reasons as well, the parties have agreed that a substantial extension of the deadline for the filing of dispositive motions is warranted. The new due date requested by the

parties is February 28, 2018, with opposition briefs due 50 days later on April 19, 2018, and reply briefs due 33 days after that, on May 23, 2018.

## Conclusion

The parties appreciate the Court's attention to the foregoing issues.

                                                                     Respectfully submitted,

| | |
|---|---|
| LECLAIRRYAN | JEFFREY H. WOOD<br>Acting Assistant Attorney General |
| */s/  Joseph F. Lagrotteria* | */s/  Lewis M. Barr* |
| JOSEPH F. LAGROTTERIA<br>ADAM G. HUSIK<br>DOROTHY M. LAGUZZA<br>One Riverfront Plaza<br>1037 Raymond Blvd, Sixteenth Floor<br>Newark, New Jersey 07102<br>(973) 491-3600 | LEWIS M. BARR<br>SUE CHEN<br>Trial Attorneys<br>United States Department of Justice<br>Environment and Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044<br>Telephone:  (202) 514-9645<br>Facsimile:   (202) 514-8865<br>lewis.barr@usdoj.gov |
| Attorneys for Plaintiff-Counterclaim<br>   Defendant PPG Industries, Inc. | Attorneys for Defendants-Counterclaimants |